||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| DENNIS GIBSON, | CASE NO. 12-CV-0159-H (WMc) |
|---|---|
| Plaintiff, | **ORDER VACATING THE HEARING AND SCHEDULING ORDER FOR ADDITIONAL BRIEFING** |
| vs. | |
| CITY OF SAN DIEGO, and DOES 1 to 20, inclusive, | |
| Defendant. | |

On February 10, 2012, Defendant City of San Diego ("Defendant" or "the City") filed a motion to dismiss Plaintiff Dennis Gibson ("Plaintiff" or "Gibson")'s complaint for declaratory relief and writ of mandate. (Doc. No. 3.) On March 5, 2012, Plaintiff filed a response in opposition. (Doc. No. 4.) On March 12, 2012, Defendant filed a reply. (Doc. No. 6.) The motion to dismiss challenges the federal court's jurisdiction in this matter. Prior to ruling on the motion to dismiss, the Court vacates the hearing scheduled on March 19, 2012 and requests additional briefing by the parties on the following issues.

Defendant claims that Plaintiff has failed to assert a valid ground for federal jurisdiction, noting that the Contracts Clause of the U.S. Constitution only applies to municipal legislation passed under legislative authority from the state. N. Pac. Ry. Co. v. State of Minnesota ex rel. City of Duluth, 208 U.S. 583, 590 (1908). Regarding the Contracts Clause of the U.S. Constitution, the parties should cite examples of municipal ordinances adopted under state authority that constitute state action. Staub v. City of Baxley, 355 U.S. 313, 321

1  (1958); Lovell v. City of Griffin, 303 U.S. 444, 450 (1938). The Court requests briefing as to
2  what level of specificity is required in the state's delegation to municipalities in order to
3  constitute state action. See, e.g., City of Newport, Kentucky v. Iacobucci, DBA Talk of the
4  Town, 479 U.S. 92 (1986); Ritzie v. City Univ. of New York, 703 F. Supp. 271, 277 (S.D.N.Y.
5  1989) (concluding that the court lacked subject-matter jurisdiction because a municipal
6  ordinance that is not passed under supposed legislative authority from the state cannot be
7  regarded as a law of the state for purposes of federal constitutional Contracts Clause analysis).

8  Additionally, the Court requests the parties to address whether the Supreme Court of
9  California's decision in Retired Emps. Ass'n of Orange County, Inc. v. County of Orange, 52
10 Cal. 4th 1171 (Cal. 2011), which addresses whether a California county and its employees can
11 form an implied contract that confers vested rights to health benefits, equally applies to charter
12 cities and municipalities.

13 Moreover, the parties should address whether Pullman abstention or Younger abstention
14 is applicable. See R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941); Younger v.
15 Harris, 401 U.S. 37 (1971). The parties should address whether the Court should defer to a
16 California state court to determine whether Ordinance O-20105 is invalid under Cal. Const.,
17 art. I, § 9, before this Court addresses whether Ordinance O-20105 violates the Contracts
18 Clause of the U.S. Constitution, if this Court has jurisdiction.

19 Finally, the Court requests the parties to identify any state court litigation addressing
20 modification of the City of San Diego's employees or former employees' pension benefits,
21 health care benefits, vested rights, and retiree's health benefits, including litigation that is
22 currently pending, on appeal, or previously filed in state court.

### Conclusion

24 Based on the foregoing, the Court vacates the hearing on Defendant's motion to dismiss
25 and issues the following scheduling order:

26 (1) Both parties must file additional briefing, on the issues addressed above, on or
27 before **March 29, 2012**.

28 (2) Both parties must file a response in opposition to the other party's supplemental

brief on or before **April 12, 2012**.

(3) Both parties may file a reply on or before **April 19, 2012**.

The Court also schedules a hearing on April 25, 2012 at 1:30 p.m. The parties should contact opposing counsel and chambers if there is a conflict with the scheduled hearing.

**IT IS SO ORDERED.**

DATED: March 15, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT