# EXHIBIT "B"

controlled by the Independent Budget Analyst. The Office of the Independent Budget Analyst shall provide budgetary and policy analysis for the City Council. The Council shall appoint the Independent Budget Analyst, who shall serve at the pleasure of the Council and may be removed from office by the Council at any time. Any person serving as the Independent Budget Analyst shall have the professional qualifications of a college degree in finance, economics, business, or other relevant field of study or relevant professional certification. In addition, such appointee shall have experience in the area of municipal finance or substantially similar equivalent experience. The Independent Budget Analyst shall be the appointing authority of all City personnel authorized in the department through the normal annual budget and appropriation process of the City, and subject to the Civil Service provisions of this Charter.
*(Addition voted 06-03-2008; effective 07-08-2008.)*

### Section 40:   City Attorney

At the municipal primary and general election in 1977, a City Attorney shall be elected by the people for a term of seven (7) years. A City Attorney shall thereafter be elected for a term of four (4) years in the manner prescribed by Section 10 of this Charter.

Notwithstanding any other provision of this Charter and commencing with elections held in 1992, no person shall serve more than two (2) consecutive four-year terms as City Attorney. If for any reason a person serves a partial term as City Attorney in excess of two (2) years, that partial term shall be considered a full term for purposes of this term limit provision. Persons holding the office of City Attorney prior to the November 1992 election shall not have prior or current terms be counted for the purpose of applying this term limit provision to future elections.

The City Attorney shall be the chief legal adviser of, and attorney for the City and all Departments and offices thereof in matters relating to their official powers and duties, except in the case of the Ethics Commission, which shall have its own legal counsel independent of the City Attorney. The attorney and his or her deputies shall devote their full time to the duties of the office and shall not engage in private legal practice during the term for which they are employed by the City, except to carry to a conclusion any matters for which they have been retained prior to taking office.

The City Attorney shall appoint such deputies, assistants, and employees to serve him or her, as may be provided by ordinance of the Council, but all appointments of subordinates other than deputies and assistants shall be subject to the Civil Service provisions of this Charter. The City Attorney may appoint no more than six Assistant City Attorneys and four other assistants, who shall serve at the pleasure of the City Attorney and may be removed by the City Attorney at any time.

No Deputy City Attorney, who has served continuously as a Deputy City Attorney in the Office of the City Attorney for two years or more shall be terminated or suspended without good cause, except that any Deputy City Attorney may be subject to layoff due to lack of work or insufficient appropriation to meet the salary requirements necessary to maintain existing personnel in the Office of the City Attorney.

To ensure that Deputy City Attorneys conduct their legal work with the highest level of integrity, honesty, and professionalism, good cause for purposes of termination or suspension includes, but is not limited to, failure to comply with the California Rules of Professional Conduct.

It shall be the City Attorney's duty, either personally or by such assistants as he or she may designate, to perform all services incident to the legal department; to give advice in writing when so requested, to the Council, its Committees, the Manager, the Commissions, or Directors of any department, but all such advice shall be in writing with the citation of authorities in support of the conclusions expressed in said written opinions; to prosecute or defend, as the case may be, all suits or cases to which the City may be a party; to prosecute for all offenses against the ordinances of the City and for such offenses against the laws of the State as may be required of the City Attorney by law; to prepare in writing all ordinances, resolutions, contracts, bonds, or other instruments in which the City is concerned, and to endorse on each approval of the form or correctness thereof; to preserve in the City Attorney's office a docket of all cases in which the City is interested in any of the courts and keep a record of all proceedings of said cases; to preserve in the City Attorney's office copies of all written opinions he or she has furnished to the Council, Manager, Commission, or any officer. Such docket, copies and papers shall be the property of the City, and the City Attorney shall, on retiring from office, deliver the same, together with all books, accounts, vouchers, and necessary information, to his or her successor in office.

The City Attorney shall have charge and custody of all legal papers, books, and dockets belonging to the City pertaining to his office, and, upon a receipt therefor, may demand and receive from any officer of the City any book, paper, documents, or evidence necessary to be used in any suit, or required for the purpose of the office.

The City Attorney shall apply, upon order of the Council, in the name of the City, to a court of competent jurisdiction for an order or injunction to restrain the misapplication of funds of the City or the abuse of corporate powers, or the execution or performance of any contract made in behalf of the City which may be in contravention of the law or ordinances governing it, or which was procured by fraud or corruption.

The City Attorney shall apply, upon order of the Council, to a court of competent jurisdiction for a writ of mandamus to compel the performance of duties of any officer or commission which fails to perform any duty expressly enjoined by law or ordinance.

The City Attorney shall perform such other duties of a legal nature as the Council may by ordinance require or as are provided by the Constitution and general laws of the State.

The Council shall have authority to employ additional competent technical legal attorneys to investigate or prosecute matters connected with the departments of the City when such assistance or advice is necessary in connection therewith. The Council shall provide sufficient funds in the annual appropriation ordinance for such purposes and shall charge such additional legal service against the appropriation of the respective Departments.

The salary of the City Attorney shall be fixed by the Council and set forth in the annual appropriation ordinance, provided that the salary of the City Attorney may not be decreased during a term of office, but in no event shall said salary be less than $15,000.00 per year. In the event of a vacancy occurring in the office of the City Attorney by reason of any cause, the Council shall have authority to fill such vacancy, which said authority shall be exercised within thirty (30) days after the vacancy occurs. Any person appointed to fill such vacancy shall hold office until the next regular municipal election, at which time a person shall be elected to serve the unexpired term. Said appointee shall remain in office until a successor is elected and qualified.
*(Amendment voted 04-20-1943; effective 05-04-1943.)*
*(Amendment voted 04-15-1947; effective 05-01-1947.)*
*(Amendment voted 11-04-1958; effective 02-19-1959.)*
*(Amendment voted 11-06-1962; effective 01-21-1963.)*
*(Amendment voted 11-04-1975; effective 12-01-1975.)*
*(Amendment voted 06-02-1992; effective 07-13-1992.)*
*(Amendment voted 11-02-2004; effective 01-21-2005.)*
*(Amendment voted 11-02-2010; effective 12-22-2010.)*
<u>Prior Language</u>

**Section 40.1:   Concurrent Jurisdiction of City Attorney with District Attorney.**

The City Attorney shall have concurrent jurisdiction with the District Attorney of the County of San Diego to prosecute persons charged with or guilty of the violation of the state laws occurring within the city limits of The City of San Diego for offenses constituting misdemeanors.
*(Addition voted 03-10-1953; effective 04-20-1953.)*

**Section 41:   Commissions**

The Mayor shall appoint, subject to the confirmation of the Council, members of all commissions established pursuant to this section. Whenever the Mayor does not appoint a member within forty-five (45) days after a vacancy occurs, the Council shall make such appointment. The commissioners shall be limited to two (2) full consecutive terms, with