# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GIBSON,<br><br>                              Plaintiff,<br>    vs.<br><br>CITY OF SAN DIEGO, and DOES 1 to 20, inclusive,<br><br>                              Defendant. | CASE NO. 12-CV-0159-H (WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

On February 10, 2012, Defendant City of San Diego ("Defendant" or "the City") filed a motion to dismiss Plaintiff Dennis Gibson ("Plaintiff" or "Gibson")'s complaint. (Doc. No. 3.) On March 5, 2012, Plaintiff filed a response in opposition. (Doc. No. 4.) On March 12, 2012, Defendant filed a reply. (Doc. No. 6.) On March 15, 2012, the Court requested further briefing from the parties and rescheduled the hearing. (Doc. No. 7.) On March 29, 2012, the parties filed supplemental briefs (Doc. Nos. 9 & 10), and on April 12, 2012, the parties filed a response in opposition. (Doc. Nos. 11 & 12.) On April 19, 2012, the parties filed a reply. (Doc. Nos. 13 & 14.)

The Court held a hearing on April 25, 2012. Michael Anthony Conger appeared for Plaintiff, and Walter Clement Chung appeared for Defendant.

///
///
///

**Background**

On or about October 18, 2011, the City adopted Ordinance O-20105 that modified the Retiree Health Benefit, effective April 1, 2012. (Doc. No. 1, ¶ 34.) Plaintiff alleges that Ordinance O-20105 substantially and materially deceased the amount of the Retiree Health Benefit that Plaintiff and other deferred members will be entitled to upon retirement. (Id., ¶ 34.) Plaintiff alleges that Ordinance O-20105 impairs a vested retirement benefit because it modified Plaintiff's Retiree Health Benefit after Plaintiff left City employment in 2006. (Id., ¶¶ 28-33.)

Previously, the City modified the Retiree Health Benefit in 1992 and 2002. (Id., ¶¶ 22-24.) Since at least 1992, the Retiree Health Benefit has been codified as San Diego Municipal Code §§ 24.1201 and 24.1202. (Id., ¶ 23.) The 2002 modification placed a fixed dollar amount on the Retiree Health Benefit based on the cost of the City-sponsored PPO plan being offered to retirees for the 2003 plan year, with an automatic annual increase in that amount, not to exceed ten percent per year, based on an independent, objective source. (Id., ¶ 24.)

Plaintiff alleges that he is a former employee of the City and worked for the City for 23 years. (Id., ¶ 3.) Plaintiff left City employment on December 29, 2006 and is classified as a "deferred member." (Id.) Plaintiff filed this lawsuit against the City on January 19, 2012, alleging violations of the Contract Clause of the U.S. Constitution, the contract clause of the California Constitution, and San Diego Municipal Code § 24.0103. (Id., ¶¶ 37, 44.)

**Legal Standards**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement

1  to relief' requires more than labels and conclusions, and a formulaic recitation of the elements
2  of a cause of action will not do." Id.  A complaint does not "suffice if it tenders 'naked
3  assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
4  (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a
5  right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright &
6  A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  "All allegations
7  of material fact are taken as true and construed in the light most favorable to plaintiff.
8  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat
9  a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136,
10 1140 (9th Cir. 1996); see Twombly, 550 U.S. at 555.

11       Federal courts are courts of limited jurisdiction, and the Article III case or controversy
12 clause limits courts' subject matter jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co.,
13 598 F.3d 1115 (9th Cir. 2010).  Federal Rule of Civil Procedure 12(b)(1) authorizes a party to
14 seek dismissal of an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).
15 "[F]ederal courts normally must resolve questions of subject matter jurisdiction before
16 reaching other threshold issues." Potter v. Hughes, 546 F.3d 1051, 1056 (9th Cir. 2008).  The
17 Supreme Court has held that "engaging subject-matter jurisdiction at the outset of a case is
18 often the most efficient way of going." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587
19 (1999) (citations omitted) (internal quotation marks omitted).

20       **A. Pullman Abstention Doctrine**

21       The Pullman abstention doctrine allows courts to defer to a state court interpretation of
22 state law, not only out of concern for comity, but also to avoid "premature constitutional
23 adjudication and interpreting state law without the benefit of an authoritative construction by
24 state courts." Gilbertson v. Albright, 381 F.3d 965, 971 n.6 (9th Cir. 2004) (internal quotation
25 marks omitted).  Pullman abstention is appropriate when: (1) the complaint touches a sensitive
26 area of social policy; (2) such constitutional adjudication plainly can be avoided if a definitive
27 ruling on the state issue would terminate the controversy; and (3) the possibly determinative
28 issue of state law is uncertain. Canton v. Spokane School Dist. No. 81, 498 F.2d 840, 845 (9th

Cir. 1974).

Abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 189 (1959) (citing R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941)). In other words, "when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question." Harris Cnty. Comm'rs Court v. Moore, 420 U.S. 77, 83 (1975).

The issue of whether the City, and its taxpayers, are contractually bound to pay a fixed amount of retiree health benefits for the remainder of Plaintiff's life touches a sensitive, unsettled, area of social policy.[1] Moreover, Levitt v. City of San Diego, San Diego Superior Court, Case No. 37-2010-00094272-CU-OE-CTL, is currently on appeal in the Fourth District Court of Appeal, Division One, Case No. D060049, and constitutional adjudication can be avoided because a definitive ruling in Levitt on the state issue would terminate this action. (See Doc. No. 11, Ex. 2.) In Levitt, the issue currently on appeal is whether or not the City's Retiree Health Benefit is a vested benefit to which individuals have a contractual right. In Levitt, appellant's opening brief states that one question on appeal is "whether the Retiree Health Benefit codified in Article 4 of Chapter 2 of the San Diego Municipal Code is a benefit 'under [the] retirement system,' as that phrase is used in Charter section 143.1." (See Doc. No. 13, Ex. 1 at 20; Levitt, Case No. D060049 (filing on Mar. 26, 2012).) Moreover, appellant's

---

[1] For example, in Retired Employees Ass'n of Orange County, Inc. v. County of Orange, 52 Cal. 4th 1171, 1176 (Cal. 2011), the Ninth Circuit certified the following question of law to the California Supreme Court: "Whether, as a matter of California law, a California county and its employees can form an implied contract that confers vested rights to health benefits on retired county employees." In answering the question, the California Supreme Court found that a county may be bound by an implied contract under California law if there is no legislative prohibition against such arrangements, including by statute or ordinance. Id. at 1176. In this case, the City points out that the City's Charter prevents the City from entering into contracts other than express contracts. (Doc. No. 9 at 5-6; Ex. A at § 99.) Therefore, the Court concludes that California state court, not the federal court, should determine whether the City's Charter prevents the City from entering into long term implied contracts.

opening brief states, "Since at least 1992, the Retiree Health Benefit has been codified in San Diego Municipal Code sections 24.1201 and 24.1202. Among the parties' disputes is whether the rights conferred in those ordinances are (1) vested, contractual rights (as [plaintiff] contends) or merely (2) terms of employment (as the City contends)." (Id. at 21) (internal citations omitted). In both Levitt and this lawsuit, plaintiffs contend that modifying the Retiree Health Benefit is unconstitutional because the Retiree Health Benefit is vested and the Contract Clauses of the federal and state Constitutions prohibit the impairment of contracts. Therefore, this case, like Levitt, turns on whether the Retiree Health Benefit is a contractual benefit upon which individuals obtained a vested right.

"Uncertainty" for Pullman abstention purposes means that a federal court cannot predict with any confidence how the state's highest court would decide an issue of state law. Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928, 930 (9th Cir. 2002). If the Fourth District Court of Appeal upholds the Superior Court's determination in Levitt that City employees have no contractual right or vested interest in the Retiree Health Benefit, the controversy in this case would terminate.

At a minimum, the Court concludes that the Pullman abstention doctrine would be appropriate while Levitt is pending before the Fourth District Court of Appeal. The Court notes that the plaintiffs in San Diego Police Officers Ass'n v. Aguirre, Case No. 05-CV-1581-H (POR), aff'd in part, San Diego Police Officers Ass'n v. San Diego City Employees' Retirement System, 568 F.3d 725 (9th Cir. 2009), properly alleged a federal question based on violations of 42 U.S.C. § 1983. (See Case No. 05-CV-1581-H (POR), Doc. No. 1, ¶ 1.) Moreover, plaintiffs in Aguirre invoked supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for claims arising under the laws of the State of California. (Id.) In the present lawsuit, there are no additional claims that provide federal subject matter jurisdiction.

///
///
///
///

**B. The Contract Clause**

The City also contends that the Court lacks jurisdiction because Plaintiff fails to assert a valid ground for federal jurisdiction. (Doc. No. 3 at 3-7.) The Court agrees.

Federal question jurisdiction refers to the subject matter jurisdiction of federal courts for claims "arising under" the U.S. Constitution. Article III, § 2 extends the federal judicial power to "[c]ases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, of which shall be made, under their Authority." U.S. Const. art. III, § 2. Plaintiff's complaint alleges that federal question jurisdiction over Plaintiff's claims is proper under 28 U.S.C. § 1331 because all claims involve a violation of the Contract Clause of the U.S. Constitution. (Doc. No. 1, ¶ 1.)

The Contract Clause of the U.S. Constitution states, "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. Defendant argues that because the Contract Clause's prohibition relates to state action only, the Contract Clause does not apply to the City's actions. (Doc. No. 3 at 3.) The Contract Clause may extend to municipal legislation if such municipal legislation was passed under legislative authority from the state. N. Pac. Ry. Co. v. State of Minnesota ex rel. City of Duluth, 208 U.S. 583, 590 (1908). "[M]unicipal ordinances adopted under state authority constitute state action." Staub v. City of Baxley, 355 U.S. 313, 321 (1958); Lovell v. City of Griffin, 303 U.S. 444, 450 (1938). However, a municipal ordinance, not passed under supposed legislative authority, cannot be regarded as a law of the state within the Contract Clause. Hamilton Gaslight & Coke Co. v. Hamilton City, 146 U.S. 258 (1892).

Plaintiff contends that the City's general power to legislate comes from California Constitution, article XI, § 5. (Doc. No. 4 at 10.) Plaintiff maintains that because the City derives its authority from the California Constitution, any action taken by the City, including adopting Ordinance O-20105, constitutes state action. (Id.) At the same time, however, Plaintiff argues that Ordinance O-20105 violates the California Constitution. (Doc. No. 1, ¶¶ 37, 44.) Defendant maintains that what violates the law cannot meanwhile be authorized as state action by law. (Doc. No. 11 at 3) (citing Memphis v. Cumberland Tel. & Tel. Co., 218

U.S. 624, 629-30 (1910).)

Not all municipal ordinances come within the purview of the Contract Clause. Hamilton Gaslight & Coke Co., 146 U.S. at 258. The California Supreme Court has held, "[a] municipal corporation has generally no extraterritorial powers of regulation. It may not exercise its governmental functions beyond its corporate boundaries." City of Oakland v. Brock, 8 Cal. 2d 639, 641 (Cal. 1937). Therefore, because the City cannot legislate over matters beyond its borders unless the state grants it authority to do so, an ordinance enacted by the City will not constitute state action unless the state has specifically authorized the enactment of that ordinance.

Plaintiff maintains that the City's adoption of Ordinance O-20105 constitutes state action because the City derived its power to enact ordinances from article XI, § 5 of the California Constitution that permits the City to manage its own affairs. (Doc. No. 4 at 10.) The Court concludes that Plaintiff's argument would make the enactment of any ordinance by the City for anything from street sweeping to library hours state action. See, e.g., City of Louisville v. Cumberland Tel. & Tel. Co., 155 F. 725 (6th Cir. 1907), aff'd, Memphis, 218 U.S. 624 ("A municipal ordinance may be the exercise of a delegated legislative power conferred upon it as one of the political subdivisions of the state. But, to be given the effect and force of a law of the state, it must have been enacted in the exercise of some legislative power conferred by the state in the premises."). The Court concludes that a general grant of authority to the City to manage its own affairs, articulated in article XI, § 5 of the California Constitution, does not render every municipal ordinance state action under the Contract Clause of the U.S. Constitution.

Additionally, Plaintiff confuses a breach of contract claim with an impairment of contract claim. See Crosby v. City of Gastonia, 682 F. Supp. 2d 537, 544 (W.D.N.C. 2010) ("In arguing their claims, the plaintiffs have used the term impairment synonymously with the concept of breach, when there is an important distinction between the two that has jurisdictional implications. If the City is liable for breach of contract, then it will be required to pay damages for that breach. Thus the contract is not 'impaired' in a constitutional sense.").

1  The Crosby court, relying on the decision in Horwitz-Matthews, Inc. v. Chicago, 78 F.3d 1248
2  (7th Cir. 1996), found:

> [T]he plaintiffs' counsel tried to explain that this case presents an issue of impairment because the plaintiffs hold vested rights, and once benefits have accrued to vested officers, they become a property right that implicates the Constitution and the Contract Clause. Counsel for plaintiffs further argued that impairment is easy to find in this case, because Fund benefits were eliminated altogether.

Crosby, 682 F. Supp. 2d at 545.[2]  As noted by the Crosby court:

> These arguments do not address the key issue for determination: whether the plaintiffs are left without a remedy for damages, or an equivalent remedy, in the face of a breach. Whether the plaintiffs were vested or non-vested, and whether benefits were eliminated altogether or only partially, are tangential matters. The inquiry is whether damages are available. Plaintiffs have neither claimed nor offered evidence that damages are unavailable for the alleged breach. Therefore, since there is no impairment of contractual obligations, this Court does not have subject matter jurisdiction over the Contract Clause claim, and the claim will be dismissed.

Id. Similarly, Plaintiff asserts his retiree health benefits, prior to Ordinance O-20105, equaled a "fixed dollar amount . . . based on the cost of the City-sponsored PPO plan being offered to retirees for the 2003 plan year, with an automatic annual increase in that amount, not to exceed ten percent (10%) per year . . . ." (Doc. No. 1, ¶ 24.) Plaintiff alleges that Ordinance O-20105 "substantially and materially decreased the amount of the Retiree Health Benefit that Gibson . . . will be entitled to upon retirement." (Id., ¶ 34.) Therefore, Plaintiff's claim is based on the alleged diminished value of his Retiree Health Benefit. Plaintiff is not without remedies, however, because if the City is liable for breach of contract, then the City will be required to pay damages for that breach. Thus, the contract is not impaired in a constitutional sense. See Horwitz-Matthews, Inc., 78 F.3d at 1248; Crosby, 682 F. Supp. 2d at 545.

Based on the foregoing, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction under the Contract Clause of the U.S. Constitution.

///

///

---

[2] The Ninth Circuit has followed the decision in Horwitz-Matthews, Inc.. See Univ. of Hawaii Prof'l Assembly v. Cayetano, 183 F.3d 1096, 1103 (9th Cir. 1999).

**Conclusion**

The Court grants Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: April 26, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT